## Michael J. Long, Appellee, v. City of Chicago, Appellant.

## Gen. No. 17,115.

1. LIMITATIONS—*when additional count does not state new cause of action.* In an action for personal injuries from defective condition of a street, where the original count alleged negligence in construction and maintenance, an additional count alleging the same negligence as to maintenance, omitting the allegation concerning construction, does not state a new cause of action, since the facts alleged would have been competent under the original count.

2. CITIES AND VILLAGES—*knowledge of defect in street.* In a personal injury action evidence that a hole in a street has existed for some time and that wagons were frequently caught in it is sufficient to charge the city with knowledge of the same.

3. CITIES AND VILLAGES—*when plan of construction adopted by city is no defense.* In an action against a city for personal injuries, where it is alleged the street was negligently maintained in a defective and unsafe condition, it is no defense that the plan of construction adopted by the city in its *quasi* judicial discretion is not so manifestly dangerous that the court can say as a matter of law that its adoption was negligence.

4. DAMAGES—*when verdict for personal injuries not excessive.* In an action against a city for personal injuries from a defective street, where both bones of plaintiff's leg were broken, resulting in a shortening of the leg and stiffening of the ankle, a verdict for $7,500 is sustained.

Appeal from the Circuit Court of Cook county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 3, 1913.

EDWARD J. BRUNDAGE and CLYDE L. DAY, for appellant; EDWARD C. FITCH, of counsel.

JAMES C. MCSHANE, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is an appeal by the City of Chicago, hereinafter

called defendant, from a judgment against it obtained by Michael J. Long, hereinafter called plaintiff, in an action on the case for personal injuries.

Plaintiff's declaration was in two counts, the first count alleging negligence in construction and maintenance of a certain gutter and sewer opening at the northeast corner of the intersection of La Salle and Madison streets, in Chicago. An additional count alleged that defendant negligently maintained said street gutter and sewer opening in a defective condition. To this additional count defendant filed a plea of general issue, and also a plea of the statute of limitations. Plaintiff demurred to this latter plea, and his demurrer was sustained, and defendant abided by its plea and now claims that the trial court erred in sustaining the demurrer.

We are of the opinion that the demurrer was properly sustained, for the reason that the additional count does not state a different cause of action from that stated in the original count. The original count alleged negligence in construction and maintenance, and the additional count alleged the same negligence as to maintenance, omitting the allegation concerning construction. Proof of the facts alleged in the additional count would have been competent under the original count. Therefore it cannot be said to have stated a different cause of action. Chicago General Ry. Co. v. Carroll, 189 Ill. 275. We do not consider this point as vitally important, as in our opinion the verdict and judgment can be sustained under the original count.

The testimony tends to show that the accident happened under the following circumstances: Plaintiff was employed by a newspaper in the delivery department. About daybreak Sunday morning, October 19, 1902, he was assisting another employe in delivering papers, driving a 4-wheeled wagon with one horse at a slow trot westward on Madison street. Approaching La Salle street they undertook to turn north on La

Salle.  Just as they turned the northeast corner, the hind wheel of the wagon caught in a hole and plaintiff was thrown off upon the pavement.  This hole was about 3 or 4 inches wide and about 8 or 10 inches deep, and was located between the curb of the sidewalk at the corner, and a sewer top or manhole which was within a few inches of the curb.  The part of the iron sewer top nearest the curb had been broken off, also the curbstone at the corner had been broken off, leaving, so one witness says, about four inches between the broken edge of the cover and the curb, and, as the same witness says, it was about ten inches deep from the top of the cover to the bottom of the hole in which the hind wheel of the wagon was caught.

A number of witnesses testified that this had been the condition of this corner for a long time previous to the occurrence in question and that frequently wagons were caught in this hole.  The witnesses differed slightly as to the dimensions of the hole, some of them saying that it was five inches wide and twelve inches deep.  We think the jury was fully justified from the evidence before it in finding that the conduct of the city in maintaining such a situation as existed at this corner was negligence in maintenance as charged in the declaration, and that this condition had existed for so long a time prior to the accident that the defendant must be held to have had either actual or constructive knowledge of the same.

The defense of the city is that it cannot be held liable for negligence in construction where the city in the exercise of its *quasi*-judicial discretion has adopted a plan of construction of a gutter, street and sidewalk, by means of which the accident occurred, unless the plan is so manifestly dangerous that the court can say as a matter of law that its adoption was negligence. The most obvious answer to this contention is that the rule claimed is not applicable to the facts involved herein.  In both counts of the declaration negligent

maintenance was charged. The language of the additional count is that defendant

"negligently maintained said street, gutters and sewer opening in a defective and unsafe condition for use, in this, that there was a space of several inches between said sewer opening and the corner of the curb at said intersection open and unprotected * * * whereby the wheels of vehicles in turning said corner were liable and likely to go into and become fastened and wedged in said opening or space, and which said condition, the plaintiff alleges, had existed for such a length of time, prior to the accident hereinafter complained of, that the defendant knew, or by the exercise of ordinary care in that behalf would have known of said condition."

Under this allegation it was competent to show that the rim of the sewer opening was broken and that the stones at both sides of the open hole were broken or removed. These things were not part of the plan of construction adopted by the city, but arose through negligence in maintenance, which negligence was both charged and proven.

There was no error by the trial court in sustaining the objection to the question put to the witness Carroll. The question assumed the existence of a "usual plan" adopted by the city, although when the question was asked there was no evidence of such a plan. Subsequently evidence as to the adoption of a plan of construction was introduced, so that defendant was not harmed.

It is claimed the damages are excessive. The verdict awarded plaintiff $7,500, upon which the court entered judgment. Plaintiff was 31 years old, and by the accident both bones of his right leg were broken a short distance above the ankle. The bones refused to unite, and the wound becoming infected, blood poisoning set in. Thereupon the wound was reopened and the bones wired. There was a discharge of pus for some time, which made necessary three operations. Plaintiff wore a cast upon the leg for eleven months

or more, and nearly seven months of this time was in the hospital. He used two crutches for a long time, afterwards one crutch and a cane, and at the time of the trial used a heavy cane for support. At the point of the fracture the leg is bent, the bones not being in line with each other, the tibia crossing backward at the point of the fracture and being fully an inch out of line, while the approaching ends of the fibula have passed each other about an inch, resulting in an inch and a half shortening in the leg. There is a stiffening of the ankle and loss of motion in the ankle joint, and the action of the muscles of the foot is greatly impaired. The evidence shows that these conditions are very painful and are permanent. We are of the opinion that the plaintiff has received an injury as serious as if he had lost his leg, and we can discern no reason for concluding that the verdict of the jury was excessive.

For the reasons above indicated the judgment will be affirmed.

*Affirmed.*